UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH J. WILLIAMS,

     Plaintiff,

                                     Case No. 1:25-cv-1072

v.

                                     HON. JANE M. BECKERING

UNKNOWN PARTY, et al.,

     Defendants.

_____/

## <u>OPINION AND ORDER</u>

This is a pro se prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Defendants Coty Foster, Janet Traore, and Karen Kowalski filed a summary judgment motion (MSJ, ECF No. 38), arguing that Plaintiff Keith Williams failed to exhaust his administrative remedies in connection with his claims against them.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that the Court grant in part and deny in part the motion for summary judgment (R&R, ECF No. 50).

Presently before the Court are two submissions by Plaintiff: (1) Plaintiff's appeal of an Order by the Magistrate Judge denying his request to strike portions of Defendants' summary judgment motion (Appeal, ECF No. 53); and (2) several objections to the Report and Recommendation (Obj., ECF No. 52).  For the reasons stated below, the Court concludes that Plaintiff's appeal of the Order denying his motion to strike lacks merit.  Additionally, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made.  The Court concludes that Plaintiff's objections lack merit.  The Court will adopt the Report and Recommendation.

## I.    Appeal from the Magistrate Judge's Order Denying Motion to Strike

The Court has carefully reviewed Plaintiff's appeal of the Magistrate Judge's order denying his motion to strike (Appeal, ECF No. 53).  Plaintiff argues that "Defendants falsely told/certified to the Court it [sic] sought concurrence with Plaintiff, before, filing its [sic] Summary Judgment Motion . . . as required by Local Rule 7.1(d)" (*id*. at PageID.338–339).  But this district's local rules do not require a separate certificate of concurrence for a dispositive motion like the summary judgment motion at bar.  *See* W.D. Mich. LCivR 7.1(d) (noting that a separate certificate is required for a "nondispositive motion" setting forth reasonable efforts to confer with an incarcerated party regarding whether the motion is "opposed"); *LaBelle v. Cleveland Cliffs*, No. 2:17-CV-212, 2018 WL 7254247, at *2 (W.D. Mich. Nov. 27, 2018), *aff'd*, 784 F. App'x 437 (6th Cir. 2019) (noting that the Western District of Michigan local rules only require a "separately-filed certificate of concurrence for non-dispositive motions").  Plaintiff does not appear to dispute the Magistrate Judge's analysis indicating that defense counsel ultimately did communicate with Plaintiff to ascertain Plaintiff's position on the motion, satisfying the Rule 7.1(d) requirement.  *See* W.D. Mich. LCivR 7.1(d).  Plaintiff's argument lacks merit.  The Court will deny the appeal.

## II.    Objections to the Report and Recommendation

Plaintiff does not separately number his objections to the Report and Recommendation, and he frequently fails to "specifically identify" the portions of the Magistrate Judge's analysis to which he objects, violating this Court's rules.  *See* W.D. Mich. LCivR 72.3(b).  This procedural failure has two attendant consequences.  First, Plaintiff's failure to engage with the Magistrate Judge's analysis and authorities leads to reiteration of the arguments set forth in Plaintiff's opposition papers (*compare* Pl. Opp. to MSJ, ECF No. 42 at PageID.221–244 *with* Obj., ECF No. 52 at PageID.325–335), resulting in improper objections.  *See Evans v. Ordiway*, No. 2:24-CV-

36, 2026 WL 309173, at *4 (W.D. Mich. Feb. 5, 2026) ("Plaintiff merely reiterates his arguments presented before the magistrate judge, which are not valid objections to a report and recommendation. An 'objection' that merely 'restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.'"); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("Such duplication defeats the purpose of the Federal Magistrates Act[.]").  Second, Plaintiff's failure to ground his arguments in the Report and Recommendation has resulted in Plaintiff advancing new arguments and citations for the first time before this Court, which is again improper.  *See Tina M. W. v. Comm'r of Soc. Sec.*, No. 1:25-CV-536, 2026 WL 1282882, at *3 n.3 (W.D. Mich. May 11, 2026) ("Parties are not permitted to raise new arguments and present new evidence in objections to a report and recommendation"); *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (quoting *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000)) ("[I]issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived."); *DeJonge v. Burton*, No. 1:16-CV-980, 2018 WL 4929756, at *1 (W.D. Mich. Oct. 11, 2018) ("An objection to a report and recommendation is not an opportunity for a do-over.").

Even if Plaintiff had properly identified and preserved his objections to the Report and Recommendation, his arguments would fail under Sixth Circuit case law.  Plaintiff reiterates the legal conclusions that he offered to the Magistrate Judge, asserting that the Michigan Department of Corrections is "operating a scam/racket that rejects grievances filed against staff" (*see* Obj., ECF No. 52 at PageID.331). He reasons that because the MDOC rejects or denies some grievances, the entire system must be broken (*id.*).  But Plaintiff does not identify factual or legal error in the relevant analysis and authorities provided by the Magistrate Judge on this point (*see* R&R, ECF

3

No. 50 at PageID.312–321, citing *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009)).  The Sixth

Circuit has previously rejected similar arguments advanced by prisoners on analogous facts:

> Proper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits). Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.] The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.
>
> A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction. [The prisoner in question] . . . did not correct and resubmit his grievances [in compliance with relevant procedural rules] . . . [and he] has thus failed to properly exhaust his administrative remedies.

*Richmond v. Settles*, 450 F. App'x 448, 457 (6th Cir. 2011) (affirming summary judgment order).

As the Magistrate Judge noted here, "prison officials are entitled to insist that prisoners comply

with the rules and applicable provisions of an administrative process," and Plaintiff cannot avoid

the results of his noncompliance by making conclusory assertions that the system is a "scam."  *See*

R&R, ECF No. 50 at PageID.318; *cf. Richmond*, 450 F. App'x at 457.  Plaintiff also fails to identify

error in the Report and Recommendation's discussion of whether certain grievances identified

Defendants or whether those grievances address the events at issue in Plaintiff's remaining claims

(*compare* R&R, ECF No. 50 at PageID.318–321 *with* Obj., ECF No. 52 at PageID.329–334).

In sum, Plaintiff's arguments fail to show any factual or legal error in the Magistrate

Judge's analysis or conclusion.  Accordingly, this Court adopts the Magistrate Judge's Report and

Recommendation as the Opinion of this Court.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's appeal of the Magistrate Judge's Order

denying his motion to strike (ECF No. 53) is DENIED for the reasons stated herein.

**IT IS FURTHER ORDERED** that the Objections (ECF No. 52) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 50) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 38) is GRANTED IN PART as to Plaintiff's interference-with-mail claims against Defendants Foster, Ms. Traore, and Kowalski, Plaintiff's misconduct-related retaliation claim against Ms. Traore, and Plaintiff's retaliation claim against Defendant Kowalski, all of which claims are DISMISSED. The motion is DENIED IN PART as to the Notice of Hearing retaliation claim against Ms. Traore.

Dated:  July 6, 2026                     /s/ Jane M. Beckering
                                         JANE M. BECKERING
                                         United States District Judge